O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT GORDON HUGHES,  )  Case No. CV 14-03631 RZ
                       )
              Plaintiff, )
                       )  MEMORANDUM OPINION
         vs.           )  AND ORDER
                       )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
                       )
              Defendant. )
_____)

         Plaintiff Robert Gordon Hughes previously was found not disabled by the Social Security Commissioner.  On appeal, this Court remanded for determination of whether Plaintiff had performed substantial gainful activity as a telephone solicitor, the past relevant work that the Administrative Law Judge had said he could perform. *Hughes v. Astrue*, CV 11-9608-RZ (C.D. Cal. 2012).  [AR 532-35]  While the case was on remand, the Commissioner adjudicated a later application, and found that Plaintiff had become disabled as of November 2011.[1]  What remained from the first court case therefore was the period from the onset date that Plaintiff originally asserted in that case, July 2009, to the date after which the Commissioner concedes Plaintiff became

---

[1] The Administrative Law used the date of May 12, 2012, which appears to be the date that disability payments actually began.  The date that disability itself was found appears to be November 19, 2011, the date used by the parties before the Court.

disabled. The present appeal concerns that period; the Administrative Law Judge found that Plaintiff had not been disabled prior to November 2011, and Plaintiff again appeals to this court.

The Administrative Law Judge found that Plaintiff had a variety of severe impairments related to problems with his heart. [AR 469] He addressed the issue raised by this Court on the prior review, by finding that Plaintiff had not performed substantial gainful activity in his past relevant work as a telephone solicitor. [AR 474] However, he found that Plaintiff *had* performed substantial gainful activity in his past work as a commodities seller, which the Administrative Law Judge found was distinct from Plaintiff's other past telephone solicitation work. [*Id.*] Further finding that Plaintiff retained the capacity to perform such work, the Administrative Law Judge concluded that Plaintiff was not disabled for the closed period at issue in this case. [AR 474-75]

Plaintiff contends that the Administrative Law Judge wrongly evaluated the medical evidence from the treating physician Dr. Wyner. He also contends that the Administrative Law Judge should have considered certain medical evidence from another doctor, Dr. Banayan, which came after the period at issue in the present case. Finally, Plaintiff contends that the Administrative Law Judge should have considered Plaintiff's supposed mental impairment. The Court finds none of these arguments persuasive.

Dr. Wyner presented differing analyses of Plaintiff's capacity. Plaintiff now points to one such analysis, in which Dr. Wyner found that Plaintiff's residual functional capacity was quite low, below the level for sedentary work. [AR 444-48] Plaintiff acknowledges the existence of a different, 20-months-earlier, analysis by Dr.Wyner, in which Dr. Wyner found that Plaintiff's capacity was greater, particularly with respect to the ability to stand for two hours and to sit for a longer period of time, generally consistent with the requirements for sedentary work. [AR 347-48] The Administrative Law Judge discussed both assessments [AR 471-73], together with his

evaluation of the other medical evidence, and Plaintiff's own contributions to his difficulties, including not being compliant with medication requirements and not seeking medical treatment promptly when needed. [AR 471-74] It may be that a different administrative law judge might have reached different conclusions in assessing this evidence. However, the assessment made by this administrative law judge was not unreasonable, and the Court is obligated to uphold it if, as here, the evidence is susceptible to more than one interpretation. *Batson v. Commissioner*, 359 F.3d 1190, 1196 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir. 2001).

    Plaintiff also asserts that the Administrative Law Judge erred in not considering the opinion of Dr. Banayan who, in August 2012, opined that Plaintiff had a working capacity of less than four hours per day. The Administrative Law Judge did not accept this opinion, because it was rendered after Plaintiff already had been determined to be disabled. [AR 472] Medical evidence after a period of disability can be considered by the Commissioner, because symptoms often bespeak a problem that arose before the patient saw a doctor. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1998). This was not such a situation, however. Here, Dr. Banayan was opining on Plaintiff's capacity as of the time that he stated his opinion. The Administrative Law Judge was correct that the opinion, while it was consistent with the decision that already had been made that Plaintiff was disabled, did not shed light on Plaintiff's capacity to work before he was determined to have become disabled.

    Plaintiff's last argument is that the Administrative Law Judge failed to consider a colorable claim that Plaintiff suffered a mental impairment. The claim was based mostly on Plaintiff's own testimony as to his levels of stress, not on medical evidence. Severity is a measure of functionability, 20 C.F.R. §§ 404.1521, 416.921; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and the Administrative Law Judge was justified in concluding that

Plaintiff did not adduce substantial evidence that any mental impairment qualified as severe.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: March 09, 2015

_____
    RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE